UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| AMBER S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25 CV 587 JMB |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On August 16, 2022, Plaintiff Amber S. filed an application for supplemental security income pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, *et seq*., alleging that her disability began on February 26, 2022 because of Crohn's disease, severe anxiety, a sleeping disorder, and depression (Tr. 177, 200). Her claim was denied by the Commissioner of Social Security through the administrative process and there is no dispute that she has exhausted her administrative remedies. See 42 U.S.C. § 405(g). Accordingly, this matter is before the Court for review of an adverse ruling by the Social Security Administration as set forth by an Administrative Law Judge (ALJ) on April 29, 2024 (Tr. 14-26). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I. Standard of Review and Legal Framework**

To be eligible for disability benefits, plaintiff must prove that he is disabled under the Act. See Baker v. Sec'y of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c (a)(3)(A). A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The Social Security Administration has established a five-step process for determining whether a person is disabled. See 20 C.F.R. § 404.1520; Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009). Steps one through three require the claimant to prove (1) he is not currently engaged in substantial gainful activity, (2) he suffers from a severe impairment, and (3) his disability meets or equals a listed impairment. Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009); see also Bowen, 482 U.S. at 140-42 (explaining the five-step process). If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Pate-Fires, 564 F.3d at 942. "Prior to step four, the ALJ must assess the claimant's residual functional capacity (RFC), which is the most a claimant can do despite her liSmitations." Moore, 572 F.3d at 523 (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether claimant can return to his past relevant work, "review[ing] [the claimant's] [RFC] and the physical and mental demands of the work [claimant has] done in the past." 20 C.F.R. § 404.1520(e). The burden at step four remains with the claimant to prove his RFC and establish that he cannot return to his past relevant work. Moore, 572 F.3d at 523; accord Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005). If the ALJ holds at step four that a claimant cannot return to past relevant work, the burden shifts at step five to the

Administration to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001); see also 20 C.F.R. § 404.1520(f).

The Court's role on judicial review is to determine whether the ALJ's finding are supported by substantial evidence in the record as a whole. Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." Id. Stated another way, substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008); see also Wildman v. Astrue, 964 F.3d 959, 965 (8th Cir. 2010) (same). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (quoting Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision." Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998). The district court must "also take into account whatever in the record fairly detracts from that decision." Id.; see also Stewart v. Sec'y of Health & Human Servs., 957 F.2d 581, 585-86 (8th Cir. 1992) (setting forth factors the court must consider). Finally, a reviewing court should not disturb the ALJ's decision unless it falls outside

the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id.; see also McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome").

## II. Discussion

Plaintiff argues that the RFC is not supported by substantial evidence. A claimant's RFC is the most she can do in a work setting despite her limitations. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2022) (citing 20 C.F.R. § 404.1545(a)(1)). When determining a claimant's RFC, the ALJ must consider "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of his limitations." Papesh v. Colvin, 786 F3d 1126, 1131 (8th Cir. 2015) (citations and quotation marks omitted). Thus, the ALJ must consider the claimant's prior work record and third-party observations as to the claimant's daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness nd side effects of medication; and any functional restrictions. Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is not obligated to mechanically discuss each of the above factors; however, when rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing his or her reasons for discrediting the testimony, and the ALJ's credibility assessment must be based on substantial evidence. Vick v. Saul, No. 1:19 CV 232 CDP, 2021 WL 663105, at *8 (E.D. Mo. Feb. 19, 2021) (citing Renstrom v. Astrue, 680 F.3d 1057,

1066 (8th Cir. 2012); Grba-Craghead v. Astrue, 669 F. Supp. 2d 991, 1008 (E.D. Mo. 2009)). On review by the court, "[c]redibility determinations are the province of the ALJ." Nash v. Comm'r, Soc. Sec. Admin., 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016)). The court defers to the ALJ's determinations "as long as good reasons and substantial evidence support the ALJ's evaluation of credibility." Id.

The ALJ found that, during the relevant time period, Plaintiff had the RFC to perform light work except that she could only occasionally climb ladders, ropes, scaffolds ramps, and stairs and she would frequently stoop, kneel, or crawl (Tr. 19). The ALJ acknowledged that Plaintiff has Crohn's disease for which she sought consultation in June 30, 2022 after two emergency room visits in April and May, 2022 (Tr. 21). The ALJ further recounted Plaintiff's testimony as to the effects of the condition. Plaintiff testified that she spends 3-4 hours a day in the bathroom, which she described as the majority of her time awake, that she had diarrhea, vomiting, and dry heaving throughout the day. She described that each bathroom break took 15 minutes, that it causes difficulty sleeping, that flares from her condition occur in the second half of the month when her treatments wear off, and that these flares result in diarrhea and dry heaving 10-15 times a day. She further reported wearing adult diapers when she goes out, that she normally stays home, that she has accidents, that she is constantly tired and in pain (Tr. 20).

To support the RFC, however, the ALJ indicated that Plaintiff can perform personal hygiene, cook for herself and children, clean with breaks, shop once a week, and go out alone (Tr. 20). The ALJ further recounted that medical examinations, despite finding that Plaintiff has active Crohn's disease with "flares," revealed no acute distress and normal abdominal findings (except for tenderness) (Tr. 21-22). The ALJ noted that Plaintiff is obese which would impact her functioning (Tr. 22-23). Finally, the ALJ found that state agency doctor's opinions as to Plaintiff's

postural functional limitations were persuasive, but that their opinion that Plaintiff would require frequent bathroom breaks to be unpersuasive (Tr. 23). In finding so, the ALJ stated:

> However, the claimant's repeatedly, overall benign abdominal examination does not appear appropriately considered by these experts. Examination repeatedly shows that the claimant does not appear to be in acute distress and has normal abdominal examination, except for reports of tenderness. Further, although she has testified to complaints of nausea, constipation, and vomiting since her diagnosis, records also show she frequently denied such symptoms (Exhibits 1F/5-6; 5F/8, 13; 6F/5, 14, 25, 40, 42; 15F/31; 20F/14). Such objective evidence does not support the need for reduced standing and/or walking or need for bathroom access with unscheduled breaks. Thus, I conclude that these findings are not persuasive.

(Tr. 23-24).

The ALJ's opinion is not supported by substantial evidence in the record with respect to an evaluation of Plaintiff's diarrhea. In her opinion, the ALJ highlights that Plaintiff was never in acute distress and that she had "normal abdominal examinations" throughout the relevant time period. Certainly, an ALJ may rely on normal examination results. See Grindley v. Kijakazi, 9 F.4th 622, 629 (8th Cir. 2021) ("In weighing all of the evidence, it was not improper for the ALJ to highlight Grindley's "normal" exam results because the "normal" results were the most consistent results set forth by Grindley's treating physicians."). However, the ALJ did not weigh all the evidence. When Plaintiff initially sought treatment for her condition (in Summer, 2022), she reported "terrible diarrhea" (Tr 283, 291). She subsequently denied diarrhea symptoms in September, 2022 (Tr. 520), but those symptoms had returned in November 2022 (Tr. 497, 501) and continued through February, 2023 (Tr. 485). She reported some improvement in September, 2023 with an Entyvio prescription (Tr. 994) but continued diarrhea through December, 2023 (Tr. 1001). In her opinion, the ALJ noted that Plaintiff's did not continue to complain of vomiting and constipation, but it is unclear how this conclusion relates to continued complaints of diarrhea. It is further unclear how a "normal" examination and a finding of no "acute" distress during a medical

consultation would discredit Plaintiff's testimony (and reports to her doctors) that she regularly has diarrhea that requires frequent use of a bathroom. Grindley v. Kijakazi, 9 F.4th 622, 630 (8th Cir. 2021) ("[T]he ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence." (quotation marks and citations omitted)). Finally, there is no explanation of how being able to function in her house (where there is presumably no schedule and ready access to a bathroom at all times) would translate to full time employment with no or limited unscheduled breaks.

The ALJ also found the opinions of agency experts unpersuasive as to their assessment that Plaintiff would require unscheduled breaks in order to use bathroom facilities. When evaluating opinion evidence, the ALJ is no longer required to give controlling weight or any weight to opinion evidence. 20 C.F.R. 404.1520(a). Instead, the ALJ is to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors. 20 C.F.R. § 404.1520c(b)(2). Of these factors, an ALJ must explain how he considered the factors of supportability and consistency in his decision but need not explain how he considered the other factors. 20 C.F.R. § 404.1520c(b)(2). The ALJ first held that the Doctors' medical opinions were consistent with the objective medical evidence (Tr. 23) but that normal examination findings and Plaintiff's denial a certain symptoms, nausea, constipation, and vomiting, do not support their findings as to frequency of bathroom use. Essentially, the ALJ found that the opinions as to bathroom use were not supported by relevant objective evidence. However, the ALJ did not provide an evaluation of consistency as to bathroom use.

The Court is mindful that upon reconsideration, the ALJ may come to the same conclusion that Plaintiff's somewhat exaggerated statements of bathroom use are not supported by the record as a whole. Certainly, an ALJ need not include limitations in an RFC based on evidence that she

finds not credible. Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010). However, the Commissioner must make that decision in the first instance, it must be supported by substantial evidence, and there must be sufficient clarity in the opinion to allow for meaningful review. See Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting the deference accorded the ALJ to perform further administrative proceedings).

* * * * *

Accordingly, **IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this cause is **REMANDED** to the Commissioner for further consideration consistent with this Memorandum and Order.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 3rd day of September, 2026

***/s/ John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE